UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Gerald Barry, | |
| Plaintiff, | Case No. 18-cv-2183 |
| v. | |
| City of Chicago, | Judge John Robert Blakey |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gerald Barry sued his former employer, the City of Chicago, under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*. Plaintiff alleges that Defendant discriminated against him based upon his age by firing him, failing to stop harassment, retaliating against him for asserting his rights, and refusing to allow him to act as a paramedic. *See* [19]. Defendant moved to dismiss these claims as time-barred. [20]. For the reasons explained below, this Court grants Defendant's motion and dismisses Plaintiff's claims without prejudice.

I.   **The Complaint's Allegations**

Plaintiff worked for the Chicago Fire Department until April 16, 2016. [19] at 8. He alleges that Defendant discriminated against him based upon his age starting around January 15, 2015. *Id*. at 2.

At that time, Defendant denied Plaintiff "recognition as a cross-trained firefighter-paramedic," *id*. at 7, which prompted Plaintiff to file a grievance, *see id*. at 13. Plaintiff, working with Chicago Firefighters Union Local 2, reached a settlement

1

with Defendant in August 2015. *Id.* at 7, 13–15. That agreement authorized Plaintiff to serve as a paramedic for five years. *Id.* at 7, 14.

On February 16, 2016, Plaintiff was assigned as a paramedic to Ambulance 46. *Id.* at 7. But Defendant then posted Plaintiff to "other assignments for a two month period," which Plaintiff claims violated the terms of his union's collective bargaining agreement (CBA). *Id.* Plaintiff states that Defendant reassigned him "punitively" and to "harass and deter plaintiff from pursuing his contractual and civil rights." *Id.* The Firefighters Union filed a grievance against Defendant on March 25, 2016, asking Defendant to end this detail because it violated Plaintiff's contract. *See id.* at 21. The outcome of that grievance remains unclear from Plaintiff's present complaint.

On April 16, 2016, Defendants retired Plaintiff, purportedly in accordance with the Chicago's mandatory retirement ordinance for firefighters and police officers. *Id.* at 7–8; *see also* Chi. Mun. Code § 2-152-410. Plaintiff argues that Defendant misapplied the ordinance because Plaintiff was a paramedic, not a firefighter, at the time of his forced retirement. [19] at 7. As a paramedic, Plaintiff's responsibilities included administering emergency medical care and he had no "firefighting functions." *Id.* at 8. Thus, according to Plaintiff, the retirement ordinance did not apply to him, and no equivalent rule mandates retirement for paramedics working in emergency medical services. *See id.* Plaintiff filed a grievance to contest his forced retirement and exhausted the necessary steps for this process, which included mandatory arbitration with Defendant. *Id.* at 7.

2

The parties' arbitration ended on October 12, 2017,[1] and resulted in a decision in Defendant's favor. *See id.* at 7; [23] at 1. Plaintiff then filed a complaint with the Equal Employment Opportunity Commission (EEOC) for age discrimination on December 14, 2017. *See* [19] at 23. Plaintiff received notice of his right to sue from the EEOC on December 29, 2016. *Id.* at 3. He initiated this suit in March 2018, [1], and amended his complaint in June, [19]. Plaintiff's amended complaint states that his injury from Defendant's age discrimination and denial of employment "continues," and Plaintiff seeks both damages and reinstatement to his position. [19] at 5, 7. Defendant moved to dismiss based upon the statute of limitations governing Plaintiff's claims. [20].

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To survive a motion to dismiss, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice" of the claim "and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v.*

---

[1] Plaintiff alleges in his first amended complaint that the arbitration process concluded in October 2017. [19] at 7. In his response brief, Plaintiff says it concluded on October 12, 2016. [23] at 1. For purposes of this order, this Court relies upon the date Plaintiff alleged in his first amended complaint—October 2017—but this Court's analysis would remain unchanged even using the alternate date.

3

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In evaluating a complaint, this Court draws all reasonable inferences in the plaintiff's favor and accepts all well-pleaded allegations as true. *Id.* This Court does not, however, automatically accept a complaint's legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## III. Analysis

### A. Statute of Limitations

Defendant argues that the statute of limitations bars Plaintiff's claims because Plaintiff failed to file a complaint with the EEOC within 300 days of Defendant's allegedly discriminatory acts. [20] at 2–3. Plaintiff counters that Defendant's denial of employment continues through the present, so his case merits an exception to the 300-day rule. [21] at 1–2. Plaintiff also argues that he was "not ultimately harmed until the adverse ruling" of the mandatory arbitration, delivered in October 2017. *Id.* at 2.

The statute of limitations governing Plaintiff's ADEA claim requires plaintiffs to file an EEOC charge within 300 days of the alleged unlawful discriminatory act or practice. *See* 29 U.S.C. § 626(d); *Casteel v. Exec. Bd. of Local 703 of Int'l Bhd. of Teamsters*, 272 F.3d 463, 466 (7th Cir. 2001). Failing to file an EEOC charge within 300 days of the discriminatory act renders the complaint untimely. *See Filipovic v.*

4

*K & R Express Sys., Inc*, 176 F.3d 390, 396 (7th Cir. 1999). Each discrete act starts a new 300-day clock for Plaintiff to file a charge, beginning on the date the act occurred. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).[2]

An exception to the 300-day limit applies when the alleged discrimination presents a continuing violation. *See, e.g., Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). The continuing violation doctrine can apply in three situations: (1) if an employer makes decisions over time, making it difficult for an employee to "pinpoint" the exact date of discrimination; (2) if the employer has an expressly discriminatory policy; or (3) if the employer's discrete acts create a pattern of ongoing discrimination and at least one such act occurred in the relevant limitations period. *Selan*, 969 F.2d at 565; *see also Tinner v. United Ins. Co. of Am.*, 308 F.3d 697, 707 (7th Cir. 2002). This exception, however, does not apply to easily identifiable discrete acts, such as termination, failure to promote, denial of transfer, and refusal to hire. *See Nat'l R.R.*, 536 U.S. at 114; *Lucas*, 367 F.3d at 724.

Here, the conduct described in Plaintiff's complaint consists entirely of such discrete acts and therefore does not qualify as a continuing violation. Plaintiff filed his complaint with the EEOC on December 14, 2017. *See* [19] at 23. Thus, any act that occurred more than 300 days before that date—meaning, before February 17,

---

[2] This Court cites Title VII precedent in its discussion of the ADEA statute of limitations, specifically in assessing the contours of the discriminatory acts that trigger the limitations period and the continuing violation doctrine. In doing so, this Court follows longstanding precedent in this district. *See, e.g.*, *Jones v. Chi. Bd. of Educ.*, No. 11-c-8326, 2013 WL 1499001, at *4 (N.D. Ill. Apr. 10, 2013) (assessing limitations periods under both statutes together); *Maze v. Towers Watson Am., LLC*, No. 11-c-8120, 2012 WL 568683, at *4 (N.D. Ill. Feb. 21, 2012) (same); *Mirza v. Dep't of Treasury*, 875 F. Supp. 513, 521 (N.D. Ill. 1995) (same); *see also Nagle v. Village of Camulet Park*, 554 F.3d 1106, 1121 n.4 (7th Cir. 2009) (same).

5

2017—is time-barred. Plaintiff alleges that Defendant's discrimination began in January 2015, when Defendant denied Plaintiff "recognition as a cross-trained firefighter-paramedic." [19] at 2, 7. That discrete act—a de facto failure to promote—remains time-barred since it occurred almost two years before Plaintiff filed his EEOC charge. Next, in February 2016, Defendant reassigned Plaintiff to different details, which Plaintiff alleges violated the CBA. *Id.* This discrete act—the decision to transfer Plaintiff—is also time-barred because it occurred before the 300-day limitations period. Finally, Defendant forced Plaintiff into retirement on April 16, 2016. *Id.* at 8. This discrete act—termination—also occurred well outside the limitations period governing Plaintiff's claim.

Thus, the allegedly discriminatory conduct that Plaintiff challenges wholly consists of discrete actions that fall outside the applicable limitations period and remains time-barred. True, Plaintiff's complaint generally asserts that Defendant "failed to stop harassment," [1] at 4, and harassment often presents the type of injury subject to the continuing violation doctrine, since it may become actionable only in light of accumulating events, *see, e.g.*, *Filipovic*, 176 F.3d at 396. But here, Plaintiff's specific allegations of "harassment" consist of a single, discrete event: Plaintiff claims that Defendant's 2016 decision to reassign him constituted harassment. *See* [1] at 8. Thus, that allegation also presents the type of discrete action that triggers the limitations period when it occurs, *see Nat'l R.R.*, 536 U.S. at 111, 113–14, and, as discussed above, remains time-barred.

6

Plaintiff also contends that his injury from Defendant's discriminatory conduct "continues," and thus merits the application of the continuing violation doctrine. *See* [19] at 7. But the final act that Plaintiff complains of—his forced retirement—occurred on April 16, 2016. [1] at 8. Thus, even the most recent event described in Plaintiff's complaint falls outside the 300-day limitation period. One of Defendant's challenged actions must fall within the 300-day limit for the continuing violation doctrine to apply. *See Tinner*, F.3d at 707; *Filipovic*, 176 F.3d at 396. Since none of Defendant's acts occurred within 300 days prior to Plaintiff's filing with the EEOC, that doctrine cannot save his claim from a motion to dismiss.

To the extent Plaintiff seeks an exception from the statute of limitations because Defendant has not reinstated him, that argument also fails. An employer's "failure to remedy an unlawful employment action is not a discrete actionable violation," and thus does not trigger a new limitations period or merit application of the continuing violation doctrine. *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 240 (7th Cir. 2004) (citing *Lever v. Northwestern Univ.*, 979 F.2d 552, 556 (7th Cir. 1992)).

Likewise, contrary to Plaintiff's contention, [23] at 1, his mandatory arbitration with Defendant does not toll the 300-day limitations period, which runs from the date of Defendant's discrete, discriminatory acts. That remains true even when the employer has a mandatory grievance process. *Nat'l R.R.*, 536 U.S. at 111; *see also Williamson v. Ind. Univ.*, 345 F.3d 459, 463 (7th Cir. 2003) (noting that "because the decision not to reverse an adverse employment decision is not a fresh

7

act of discrimination, an employee cannot toll the limitations period by pursuing grievance proceedings").

Here, Plaintiff alleges three discrete acts, as explained above. For his claims to remain actionable under the ADEA, Plaintiff needed to file a charge with the EEOC within 300 days of each act. *See Nat'l R.R.*, 536 U.S. at 111. The arbitration process did not toll the running of that clock. *See id.*; *Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 234–36 (1976) (holding that utilization of collective-bargaining grievance process does not toll limitations period for filing an EEOC claim); *Williamson v. Ind. Univ.*, 345 F.3d at 463. Because Plaintiff waited until after the arbitration concluded to file his EEOC charge—well after the 300-day limitation period triggered by Defendant's discriminatory acts—all of Plaintiff's claims are time-barred.

### B.     Leave to Replead

Federal Rule of Civil Procedure 15(a)(2) instructs district courts to freely give leave to amend "when justice so requires." This is the first time this Court has addressed Plaintiff's claims, and Plaintiff should be afforded an opportunity to correct the deficiencies outlined here. If he has reasonable grounds to support a claim based upon a continuing violation that comes within the relevant limitations period, he should more clearly articulate the facts supporting such a claim in an amended complaint. Should any amended pleading suffer similar defects, however, this Court may deny a future motion to amend the complaint. *See Stanard v. Nygren*, 658 F.3d 792, 800 (7th Cir. 2011).

At this stage, however, Plaintiff may replead his claims if he can do so consistent with his obligations under Federal Rule of Civil Procedure 11, including that he hold an objectively reasonable belief that his claims are not groundless. *See* Fed. R. Civ. P. 11(b); *Portman v. Andrews*, 249 F.R.D. 279, 282–83 (N.D. Ill. 2007) (applying Rule 11 to pro se plaintiff).

## IV. Conclusion

For the reasons explained above, this Court grants Defendant's motion to dismiss. [20].

Dated: August 7, 2018

Entered:

_____
John Robert Blakey
United States District Judge